**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

July 10, 2026

**LETTER MEMORANDUM**

Re:   *Weeks v. Stone & Magnanini LLP, et al.*
       Civil Action No. 26-3996 (ES) (SDA)

Dear Litigants:

Before the Court is *pro se* Plaintiff Jobadiah Sinclair Weeks' Complaint, (D.E. No. 1), the Hon. Stacey D. Adams, U.S.M.J.'s June 15, 2026, and June 24, 2026 Orders in this matter, (D.E. Nos. 7 & 13), and Defendants' responses thereto. (D.E. Nos. 17–20).

When Plaintiff filed the Complaint, he represented that the Court could exercise subject matter jurisdiction over the parties' disputes pursuant to 28 U.S.C. § 1332, given the allegedly complete diversity of citizenship between himself and all defendants. (D.E. No. 1 at 2). Specifically, Plaintiff represented that he is a citizen of the State of Florida, while all Defendants are New Jersey citizens. (*Id.*). In Her Honor's recent Orders, Magistrate Judge Adams questioned the propriety of subject matter jurisdiction and required Defendants to provide information regarding their citizenship for diversity purposes. (*See generally* D.E. Nos. 7 & 13).

The Court has an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *See Adamczewski v. Emerson Elec. Co.*, No. 10-4862, 2011 WL 1045162, at *1 (D.N.J. Mar. 22, 2011); *see also Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'") (quoting *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977))). Indeed, "[a] district court must dismiss an action, at any stage of the litigation, whenever it appears to a 'legal certainty' that subject matter jurisdiction is lacking." *Pro. Cleaning & Innovative Bldg. Servs., Inc. v. Kennedy Funding, Inc.*, No. 05-2384, 2009 WL 1651131, at *14 (D.N.J. June 12, 2009), *aff'd*, 408 F. App'x 566 (3d Cir. 2010).

Here, Plaintiff asserts that subject matter jurisdiction is appropriate pursuant to 28 U.S.C. § 1332. (D.E. No. 1 at 2). That statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). "For 'artificial entities other than corporations,' the general rule is that the citizenship of the entity is determined by the citizenship of 'all [its] members.'" *Peace Church*

*Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 870 (3d Cir. 2022) (quoting *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016)). More specifically, "the Supreme Court held that for diversity purposes, the citizenship of a limited partnership is the same as the citizenship(s) of all of its partners, including its limited partners." *Id.* (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)).

In response to Magistrate Judge Adams's Orders, a representative of Defendant Stone & Magnanini LLP (the "Firm"), a limited liability partnership formed under New Jersey law, stated under penalty of perjury that that the Firm has two partners; one of whom is a citizen of New Jersey and the other whom is a citizen of Florida. (D.E. No. 16 ¶¶ 3, 7–16; D.E. No. 18 ¶¶ 3–10). Thus, the Firm is a citizen of both New Jersey and Florida for diversity purposes. As Plaintiff is a citizen of Florida, (D.E. No. 1 at 2), his citizenship is not diverse from that of all defendants, and the Court therefore lacks subject matter jurisdiction under 28 U.S.C. § 1332.

While Plaintiff has not cited 28 U.S.C. § 1331 as a basis for subject matter jurisdiction, the Court will nevertheless consider its applicability in the interests of justice. That statute provides: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For federal jurisdiction to attach to state law claims, a substantial, disputed question of federal law must be a necessary element of a well-pleaded state claim." *Kalick v. United States*, 35 F. Supp. 3d 639, 645 (D.N.J. 2014) (first citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); and then citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)), *aff'd*, 604 F. App'x 108 (3d Cir. 2015). "A conclusory allegation of federal question jurisdiction, untethered to some plausible federal statutory or constitutional basis, does not suffice to confer subject matter jurisdiction." *Id.* at 646. Indeed, "[t]he Supreme Court has explained that a court determines if there is federal question jurisdiction in removal cases by use of the well-pleaded complaint rule, which provides that there is federal question jurisdiction only when the face of a properly pleaded complaint asserts a federal question." *Deutsche Bank Nat'l Tr. Co. v. Harding*, 655 F. App'x 113, 114 (3d Cir. 2016) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Moreover, it "is well established [that] a federal question cannot be predicated on a defense or a counterclaim." *Id.* (citing *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009)).

Here, each of Plaintiff's claims appears to arise under New Jersey common law, with no relation to any federal law. (*See generally* D.E. No. 1 (asserting claims for breach of fiduciary duty, tortious interference with prospective economic advantage, and unjust enrichment)). The Court thus finds no basis for subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Based on the foregoing, the Court finds that "it appears to a 'legal certainty' that subject matter jurisdiction is lacking." *Pro. Cleaning & Innovative Bldg. Servs., Inc.*, 2009 WL 1651131, at *14. The Court must, therefore, dismiss this matter. *Id.*

An appropriate Order accompanies this Letter Memorandum.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

2